IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.                                                                             CASE NO. 4:97cr08-RH

DONNELL GALLON,

      Defendant.

_____/

**ORDER ESTABLISHING PROCEDURES ON POSSIBLE
SENTENCE REDUCTION UNDER AMENDMENT 706**

Defendant Donnell Gallon has moved for a sentence reduction under United States Sentencing Guidelines Amendment 706. This order provides notice of my intention to consider a reduction and establishes a procedure under which the government must, and Mr. Gallon may, address the issue.

I

The Sentencing Guidelines establish a guideline range for each defendant. The range is based on the defendant's "total offense level" and "criminal history category." The total offense level is based on the defendant's "base offense level" with increases or decreases based on specific offense characteristics. For drug offenses, the base offense level turns on the type and quantity of drugs properly

attributed to the defendant.  *See* United States Sentencing Guidelines Manual § 2D1.1.

On May 1, 2007, the United States Sentencing Commission adopted Amendment 706.  The amendment reduces the crack cocaine base offense level.  In most circumstances, the amount of the reduction is two levels.  The amendment also provides a mechanism for calculating the base offense level in cases involving both crack and another drug.  In most such cases, the result is again a two-level decrease.

Congress did not act to block the amendment.  The amendment thus became effective on November 1, 2007.  The amendment applies to sentences imposed on or after that date.

II

When the Sentencing Commission adopts an amendment reducing a guidelines range, the Commission has express statutory authority—indeed, it may even have a statutory duty—to determine whether and under what circumstances courts will be allowed to apply the amendment retroactively to sentences imposed prior to the amendment's effective date.  The statute provides:

> If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced.

*Case No: 4:97cr08-RH*

28 U.S.C. § 994(u).

When the Commission determines that an amendment may be applied retroactively, a court may reduce a sentence, but only under the circumstances and to the extent specified by the Commission.  The statute that authorizes a sentence reduction provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The "applicable policy statements issued by the Commission," within the meaning of § 3582(c)(2), are set forth in Guidelines § 1B1.10.  As set forth there, proceedings under § 3582(c)(2) "do not constitute a full resentencing of the defendant."  United States Sentencing Manual § 1B1.10(a)(3).  Reductions under § 3582(c)(2) thus may be—and most commonly have been—handled on written submissions, without a hearing.

### III

Acting under its § 994(u) authority, on December 11, 2007, the Commission amended Guidelines § 1B1.10 to include Amendment 706 in the list of retroactive

amendments. The Commission imposed explicit limitations. First, a court must not make a reduction unless Amendment 706 changes the defendant's guideline range. Second, the Commission limited the permissible reduction for a defendant serving a sentence within the *original* guideline range; a court must not reduce such a sentence below the low-end of the *amended* guideline range. Finally, a court must not reduce a sentence below any applicable minimum mandatory.

## IV

Mr. Gallon was sentenced on June 4, 1997. His total offense level was 35, his criminal history category was VI, and his guideline range thus was 292 to 365 months. The minimum mandatory sentence was 10 years. I sentenced Mr. Gallon to 210 months, a downward departure from the guideline range based on the government's substantial assistance motion. *See Guidelines Manual* § 5K1.1.

Under Amendment 706, Mr. Gallon's recalculated total offense level is 33, his criminal history category remains VI, and his amended guideline range thus is 235 to 293 months. A reduced sentence of 169 months would bear the same relation to the amended guideline range as the existing sentence bears to the original guideline range.

## V

Any reduction is discretionary. In deciding whether and how much to reduce a defendant's sentence (within the limitations set forth above), a court may

consider the sentencing factors listed in 18 U.S.C. § 3553(a), the nature and seriousness of the danger that a reduction would pose to any person or the community, and the defendant's post-sentencing conduct. *See Guidelines Manual* § 1B1.10, cmt. n. 1(B).

Based on the existing record in this case, including the presentence report, I conclude that Mr. Gallon's sentence should be reduced to 169 months, unless the government or Mr. Gallon shows that it should not be. So that any issues may be appropriately resolved,

IT IS ORDERED:

1. By October 9, 2008, the government must file a memorandum setting forth its position—or lack of position—on the possible reduction of Mr. Gallon's sentence. By the same date, the government may file materials in support of its position. If the government asserts that the presentence report ought not be made available to the Federal Public Defender (for his consideration of whether to accept any appointment as counsel for purposes of Amendment 706 proceedings), the government must so indicate in its memorandum. If the government does not so indicate, then without further order the probation department may provide a copy of the presentence report to the Federal Public Defender, subject to the same restrictions on copying and disclosure as routinely attend the initial disclosure of a presentence report.

2. At any time, Mr. Gallon may—but need not—file a supplemental memorandum setting forth his position on the possible sentence reduction, together with any supporting materials.

3. An order reducing Mr. Gallon's sentence to 169 months may be entered at any time after October 9, 2008.

4. If, based on the record and the government's memorandum and supporting materials, it appears that a reduction to 169 months may not in fact be authorized or, as a matter of discretion, might not be entered, I will consider appointing an attorney for Mr. Gallon, may set a deadline for any further response by Mr. Gallon, and may establish appropriate additional procedures.

5. The clerk must provide a copy of this order to Mr. Gallon himself by mail and to the attorneys of record and the Federal Public Defender through the electronic filing system.

SO ORDERED on August 25, 2008.

s/Robert L. Hinkle  
Chief United States District Judge
